UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY BENION, ZACHARY GOODGALL,
DAMON FRANKLIN, and LESLIE MORGAN,

        Plaintiffs,

v.

        Case Number 15-14367
        Honorable David M. Lawson

LECOM, INCORPORATED, and
LECOM COMMUNICATIONS, INC.,

        Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court on the plaintiffs' motion for reconsideration of the Court's opinion and order granting in part the defendants' motion to dismiss. The plaintiffs filed a two-count complaint alleging violations of the Fair Labor Standards Act ("FLSA") and unjust enrichment. The Court denied the defendants' motion to dismiss the FLSA claim, but dismissed the unjust enrichment count. Because the plaintiffs have failed to identify any palpable defect in the Court's opinion and order, the Court will deny the motion.

The plaintiffs commenced this action against the defendants alleging that the defendants misclassified them as independent contractors in order to avoid paying overtime premiums under the FLSA. The plaintiffs also included a count for an unjust enrichment on a separate theory to recover chargebacks that the defendants assessed.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't*

*of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

In their unjust enrichment count, the plaintiffs alleged that when the defendants deemed a job was insufficiently performed, they withheld from future payments the amount paid to the plaintiffs for the original job, and required the original work to be remedied at no further compensation to the plaintiffs. On May 13, 2016, the Court entered an order granting in part the defendant's motion to dismiss. The Court dismissed the plaintiffs' unjust enrichment claim because Michigan courts will not imply a contract to prevent unjust enrichment where the parties' relationship is governed by an express contract. The Court found that regardless of the determination whether the plaintiffs were employees or independent contractors under the FLSA, the employment relationship between the parties is governed either by the written subcontractor's agreement or by an oral contract of employment. Therefore, because a contract existed in either outcome, the unjust enrichment claim could not survive under Michigan law.

The plaintiffs make four arguments in support of their reconsideration motion. *First*, they argue that the Court committed error by assuming that the plaintiff's unjust enrichment claim is dependent on a showing of a minimum wage violation or other violation under the FLSA. The Court made no such assumption. It appears that the plaintiffs reference the Court's statement that "[i]f cost of the chargebacks and other costs cause the plaintiffs' wages to fall below minimum wage, then they can recover under the FLSA. Otherwise, the recovery must come under a breach of contract theory focusing on an employment contract." Opinion and Order, dkt. #26 at 18. This statement does not assume the plaintiff's unjust enrichment claim is related to minimum wage violations. The


Court only noted one basis of recovery that might be available to the plaintiffs under the FLSA if they were successful in their case.

*Second*, the plaintiffs argue that they did not allege the existence of an express oral contract of employment that would govern the relationship between the parties. True enough. But such a relationship is fairly implied from the facts alleged in the complaint. In fact, it could not be any other way. The plaintiffs alleged in their complaint that they were employed by the defendants, and that the independent contractor agreement mischaracterized the relationship between the parties. If the plaintiffs are not in truth independent contractors (and absent allegations of involuntary servitude), then they are employees by *contract*. *See Sniecinski v. Blue Cross & Blue Shield of Mich.*, 469 Mich. 124, 138 n.9, 666 N.W.2d 186, 195 n.9 (2003) (noting that an offer to pay wages in exchange for work, followed by performance of the work, is a unilateral *contract*) (citing *In re Certified Question*, 432 Mich. 438, 445-47, 443 N.W.2d 112, 115-16 (1989); *Cunningham v. 4–D Tool Co.*, 182 Mich. App. 99, 106-107, 451 N.W.2d 514, 517 (1989)). Such a relationship is governed by an employment agreement, whether oral or written. That the plaintiffs did not explicitly allege the existence of such a contract is not determinative. The allegation that the contract exists is implicit in the claim that the parties are in an employer and employee relationship.

*Third*, the plaintiffs argue that even if there were an express agreement that allowed for the chargebacks, it would be invalid under Michigan law, referring to a statute that criminalizes an employer's demand from an employee "any fee, gift or other remuneration." Mich. Comp. Laws § 750.351. The plaintiffs reason that if the illegal chargeback provision were to void the entire contract, they would be free to seek a contract implied in law. However, that statute does not fit the facts alleged in the complaint. And even if it did, a chargeback provision would not void an

entire unilateral contract for the payment of wages. "A general rule of contract law is that the failure of a distinct part of a contract does not void valid, severable provisions." *Samuel D. Begola Servs., Inc. v. Wild Bros.*, 210 Mich. App. 636, 641, 534 N.W.2d 217, 220 (1995). If, as the plaintiffs argue, the chargeback provision of the employment agreement is invalid, then that provision may be severed, leaving the rest of the employment agreement intact.

*Fourth*, the plaintiffs argue that implicit in the Court's ruling is that a plaintiff cannot sustain both an FLSA claim and an unjust enrichment claim arising from the same employment relationship under Michigan law, which they argue is contrary to the decisions by other district courts. The plaintiffs cite three cases in support of their position. Two of them, *Lemus Guerrero v. Brickman Grp., LLC*, No. 105-CV-00357-DT, 2007 WL 922420, at *9 (W.D. Mich. Mar. 26, 2007), and *Monahan v. Smyth Auto., Inc.*, No. 1:10-CV-00048, 2011 WL 379129, at *4 (S.D. Ohio Feb. 2, 2011), *order vacated in part on reconsideration sub nom. Guerrero v. Brickman Grp.*, LLC, No. 05-CV-00357, 2007 WL 2381943 (W.D. Mich. Aug. 17, 2007), address whether the FLSA preempted an unjust enrichment claim. That is not at issue in this case, and therefore the cases are not applicable.

In the other case, *Matthews v. ALC Partner, Inc.*, 08-10636, 2008 WL 5188760 (E.D. Mich. Dec. 9, 2008), the unjust enrichment claim survived the motion to dismiss, even though it appears that there was an express employment agreement between the parties. 2008 WL 5188760, at *12. It does not appear, however, that *Matthews* addressed claims under Michigan law. *Id.* at *11. The *Matthews* case involved plaintiffs from Arizona, Illinois, Pennsylvania, and Utah. *Ibid.* The case did not discuss Michigan law.

The plaintiffs' argument that the Court implicitly held that the plaintiffs cannot sustain both an FLSA claim and an unjust enrichment claim is incorrect, as a careful reading of the Court's opinion discloses.  The FLSA claim does not preclude the unjust enrichment claim.  Instead, the plaintiffs have not overcome the rule that "a contract will be implied only if there is no express contract."  *Martin v. E. Lansing Sch. Dist.*, 193 Mich. App. 166, 177-78, 483 N.W.2d 656, 661 (1992) (citing *Campbell v. City of Troy*, 42 Mich. App. 534, 537, 202 N.W.2d 547, 548 (1972)).

Finally, the plaintiffs have not addressed any issue that could not have been broached in the initial motion arguments. "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court."  E.D. Mich. LR 7.1(h)(3).

The plaintiff has not demonstrated a palpable defect in the Court's previous opinion.

Accordingly, it is **ORDERED** that the plaintiff's motion to reconsider [dkt. #28] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 14, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 14, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI