UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY BENION, ZACHARY GOODGALL,
DAMON FRANKLIN, and LESLIE MORGAN,

        Plaintiffs,

v.

Case Number 15-14367
Honorable David M. Lawson

LECOM, INCORPORATED, and
LECOM COMMUNICATIONS, INC.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

In this case brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the plaintiffs have moved to amend their complaint to add a count for common law and statutory conversion. Plaintiff Harry Benion and three others commenced this action against LeCom, Incorporated and LeCom Communications, Inc. alleging that these companies misclassified them as independent contractors in order to avoid the minimum wage and overtime obligations established by the FLSA. The basis of their proposed conversion count is that the defendants also imposed backcharges and illegally withheld compensation for substandard work and lost equipment. The defendants oppose the motion, disputing the truth of the allegations in the proposed amended complaint that there was an employer-employee relationship and that the plaintiffs were entitled to the compensation as wages. But denying the truth of well-pleaded allegations is no basis to resist a motion to amend. However, because adding the new count for conversion would be futile (for the reasons stated below), the motion to amend the complaint will be denied.

I.

Defendants LeCom Communications, Inc. and LeCom, Inc. (collectively "LeCom") contract with Comcast Cable Company to perform telecommunication installations and repair services for Comcast's customers in Michigan. The plaintiffs allege that LeCom hires both employees and independent contractors, whose sole job responsibilities are to install and repair cable services. The plaintiffs allege that all of the cable installers perform the same type of work and are under LeCom's control and direction regardless of how LeCom classifies them. The plaintiffs contend that the defendants misclassified the plaintiffs as independent contractors, thus denying them the protections of employees under the FLSA, which includes overtime pay for hours worked in excess of 40 hours per week.

The plaintiffs also contend that the defendants withheld compensation. For example, if a customer reports signal loss for any reason after a repair or installation, the technician must return to the job site; if he or she fails to do that, s/he will be penalized by not being compensated for the job. LeCom also unilaterally deducts money from the technicians' wages if LeCom believes, correctly or incorrectly, that a technician lost equipment that LeCom issued to the technician. Even if LeCom pays a technician for completing a job, LeCom may still retroactively apply backcharges if LeCom believes a job was billed incorrectly and resulted in overpayment. Technicians are not allowed to challenge LeCom's decision to withhold pay, and LeCom has the authority to terminate any technician at any time, and for any reason.

The plaintiffs' original complaint was brought under the FLSA, and it also included a count alleging unjust enrichment to recover the unpaid wages that were withheld or back charged. On the defendants' motion, the Court dismissed the claim of unjust enrichment because the parties'

relationship was governed either by subcontractor agreements or oral contracts of employment, and no contract would be implied in law where an express contract governs the same subject matter. The Court noted that if the backcharges and other costs withheld by the defendants caused the plaintiffs' wages to fall below minimum wage, then they can recover under the FLSA. Otherwise, the recovery must come under a breach of contract theory focusing on the employment contract. The plaintiffs filed a motion for reconsideration, which was denied.

In the present motion, the plaintiffs want to amend the complaint to include a count of conversion in an attempt to recover the allegedly withheld compensation. The plaintiffs' proposed amended complaint is identical to the original complaint except for the following addition:

> Defendant's conduct, as set forth above, in applying chargebacks and withholding Plaintiffs' wages, violates Michigan law making it a crime for employers "to demand or receive any remuneration as a condition to hiring or continued employment", MCL § 750.351, and constitutes a distinct act of dominion over Plaintiffs' personal property (Plaintiffs' earned but unpaid wages) for Defendants' own use, rendering them liable for conversion pursuant to Michigan common law and statute, MCL 600.2919a.

The defendants oppose the motion.

II.

Under Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend the pleadings at this stage of the proceedings must obtain leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997).

-3-

A court may deny a motion for leave to amend when the proposed amendment would be futile. *United States ex rel. Harper v. Muskingum Watershed Conserv. Dist.*, --- F.3d ---, ---, Slip op. at 12, Docket No. 15-4406 (Nov. 21, 2016). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

The proposed conversion count would be brought under Michigan law. The plaintiffs argue a Michigan statute makes illegal an employer's act of demanding or receiving any remuneration as a condition to hiring or continued employment. *See* Mich. Comp. Laws § 750.351. The plaintiffs reason that the defendants' taking of deductions and chargebacks from the plaintiffs amounts to appropriating the plaintiffs' personal property, and constitutes unlawful conversion in violation of Michigan Compiled Laws § 600.2919a. *See Aroma Wines & Equip, Inc. v. Columbian Distribution Servs., Inc.*, 497 Mich. 337, 871 N.W.2d 136 (2015).

The defendants impliedly argue ( although they do not say so explicitly) that adding the count of conversion would be futile, because the plaintiffs have failed to show that there was any personal property in terms of unpaid wages, and the plaintiffs have not shown that the defendants converted anything to their own use. The defendants contend that it has not been determined that the plaintiffs were employees, and as independent contractors they were not entitled to compensation until the job was completed satisfactorily.

In challenging the factual premises of the proposed amendment, the defendants miss the mark. Because the futility argument incorporates the standard applied under Rule 12(b)(6), the Court must take the factual allegations in the proposed amended complaint as true. *Nat'l Credit Union Admin. Bd. v. Acacia Nat. Life Ins. Co.*, 60 F.3d 828 (6th Cir. 1995); *see also Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Whether the plaintiffs can prove those well-pleaded facts is irrelevant at this stage of the litigation, and it is no defense to the motion to amend.

Nonetheless, to avoid the futility argument, the proposed new count must state a cognizable claim for relief, assuming the truth of the pleaded facts. The plaintiffs' proposed amendment fails to cross that threshold.

Under Michigan law, common law conversion is a tort, which is defined as "'any distinct act of domain wrongfully exerted over another's personal property in denial or inconsistent with the rights therein.'" *Dep't of Agriculture v. Appletree Mktg., L.L.C.*, 485 Mich. 1, 13-14, 779 N.W.2d 237, 244 (2010) (quoting *Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391, 486 N.W.2d 600, 606 (1992)). "Conversion may occur when a party properly in possession of property uses it in an improper way, for an improper purpose, or by delivering it without authorization to a third party." *Id.* at 15, 779 N.W.2d at 245 (citing *Foremost*, 439 Mich. at 391, 486 N.W.2d at 606). Statutory conversion is the same as common law conversion, with the added element that the property must have been converted to a defendant's "own use." Mich. Comp. Laws § 600.2919a(1)(a); *Aroma Wines*, 497 Mich. at 353, 871 N.W.2d at 145.

The plaintiffs contend that, as the defendants' employees, they were entitled to full compensation for the number of hours they worked. They have alleged that they were not compensated for all of the time they worked because they were not paid overtime and they were subjected to backcharging and other expenses. Their theory is that the defendants wrongfully retained these earnings to which they were rightfully entitled under their employment agreement with the defendants. The defendants converted that property — those earned wages — they say, by

-5-

retaining control over it and not paying it over to the plaintiffs, as their contract of employment would have required.

However, "[t]he law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Brock v. Consol. Biomedical Labs.*, 817 F.2d 24, 25 (6th Cir. 1987) (citing *Haas v. Montgomery Ward & Co.*, 812 F.2d 1015 (6th Cir. 1987)). "'[I]f a relationship exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not.'" *Haas*, 812 F.2d at 1016 (quoting *Hart v. Ludwig*, 347 Mich. 559, 565, 79 N.W.2d 895, 898 (1956)). Here, the pleaded facts do not support the claim of conversion for withholding compensation because the plaintiffs did not entrust specific money to the care of the defendants. Instead, the plaintiffs and the defendants engaged in an employment relationship subject to an express contract. The failure to pay the plaintiffs their fully-earned wages may have breached the employment agreement, but it could not have amounted to a conversion — either common law or statutory — under Michigan law because there was no "separate and distinct" duty to pay other than the contract.

It is true that under the conversion statute, the statutory claim exists "in addition to *any* other right or remedy the person may have at law or otherwise." § 600.2919a(2) (emphasis added). "This clear, unambiguous language explicitly indicates the cumulative nature of statutory conversion claims." *Appletree Mktg.*, 485 Mich. at 9-10, 779 N.W.2d at 242. However, "[t]o support an action for conversion of money, the defendant must have an obligation to return the specific money entrusted to his care." *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 111-12, 593 N.W.2d 595, 603 (1999) (citing *Check Reporting Services, Inc. v. Michigan Nat'l Bank-Lansing*, 191 Mich. App. 614, 626, 478 N.W.2d 893 (1991)). When a dispute is over money owed,

conversion only occurs in cases involving money that is the property of one party but held by another party, which is then wrongfully taken. *See Hunt v. Hadden,* No. 14-10713, 2015 WL 3473680, at *5-7 (E.D. Mich. June 2, 2015) (conversion found where attorney appropriated settlement funds in client's trust account); *see also Rennie v. Pentagon Refining Co.*, 280 Mich. 1, 5-6, 273 N.W. 325, 327 (1937) (conversion found where one party appropriated funds from another party's brokerage account). As noted above, the plaintiffs have not alleged that they entrusted any of their money to the defendants.

The plaintiffs also argue that the defendants have violated Michigan Compiled Laws § 750.351, a penal statute. That statute punishes "[a]ny employer . . . who shall demand or receive directly or indirectly from any [employee] . . . any fee, gift or other remuneration or consideration . . . as a condition of such employment . . . ." As the defendants point out, the plaintiffs do not explain how this applies in their case. And the plaintiffs have furnished no authority that this penal statute creates a private right of action. A corresponding provision is found in the Wages and Fringe Benefits Act (WFBA). *See* Mich. Comp. Laws § 408.478. However, the plaintiffs have not brought their proposed new claim under that statute, and "the WFBA provides the exclusive remedy for that alleged violation." *Cork v. Applebee's of Michigan, Inc.*, 239 Mich. App. 311, 318, 608 N.W.2d 62, 66 (2000).

If the defendants have not paid the plaintiffs all the compensation that was due them according to their employer-employee relationship, then they may indeed have a claim for breach of contract. But there is no basis on the pleaded facts in the proposed amended complaint to find the tort of conversion. The amendment, therefore, would be futile.

III.

Because the parties relationship is governed by an express contract, whether independent contractor agreements or oral contracts of employment, a tort claim for conversion cannot succeed and therefore the claim would be futile.

Accordingly, the motion to amend the complaint [dkt. #37] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 23, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI