UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY BENION,
ZACHARY GOODGALL,
DAMON FRANKLIN, and
LESLIE MORGAN,

    Plaintiffs,                                    Case No. 15-cv-14367

    v.                                            District Judge David M. Lawson

LECOM, INCORPORATED, and               Magistrate Judge Mona K. Majzoub
LECOM COMMUNICATIONS, INC.,

    Defendants.
_____/

DAVID BENTLEY, CECIL MCNEIL,
DEVON HALL, KEON PERSON,
KUWAND CARPENTER, and
LEONARD O. HINES, JR.,

    Plaintiffs,                                    Case No. 16-cv-13640

    v.

LECOM, INCORPORATED,
LECOM COMMUNICATIONS, INC.,
DETROIT COMMUNICATIONS
DIRECT, LLC,
EPIQ SOLUTIONS, LLC, and
JARELLE HANNAH,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL AND ORDER SHOW CAUSE**

Plaintiffs bring the present case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, alleging that Defendants violated the FLSA by failing to pay Plaintiffs overtime for hours worked in excess of 40 hours per week. (Docket no. 1.) Before the Court is Plaintiffs'

Motion to Compel Non-Party Great Link Communications, LLC's Compliance With Subpoena Deuces Tecum And Order To Show Cause Why Non-Party Great Link Communication, LLC Should Not Be Held In Contempt, And For Sanctions And Costs (Docket no. 74), which has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b). (Docket no. 76.)  The motion is being reviewed without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). (Docket no. 78.)  Great Link Communication, LLC ("Great Link") did not respond to Plaintiffs' motion.

This case arises under the FLSA.  Plaintiffs contend that Defendants improperly classified them as independent contractors, thereby denying Plaintiffs the protections of state and federal wage and hour laws.  (Docket no. 1.)  On March 9, 2017, Plaintiffs' process server personally served upon Great Link a subpoena to produce documents and/or information pursuant to Rule 45 of the Federal Rules of Civil Procedure.  (Docket no. 74, Exs. 1, 2.)  In the subpoena, Plaintiffs sought communications between Great Link and Defendants regarding the maintenance, operation, supervision and assignment of cable installation technicians, as well as personnel files regarding certain Plaintiffs.  (*Id.* at Ex. 1.)  Because resolution of Plaintiffs' claims requires inquiry the nature of the Plaintiffs' relationship with Great Link, the material sought appears to be relevant to this matter.

Rule 45 governs subpoenas and provides that a nonparty served with the subpoena may make written objections to the subpoena before the time specified for compliance under the subpoena.  Fed. R. Civ. P. 45(d)(2)(B).  The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (citing *United States v. International Bus. Mach. Corp.,* 70 F.R.D. 700, 701–02 (S.D.N.Y.1976)). *See Krewson*

*v. City of Quincy,* 120 F.R.D. 6, 7 (D.Mass.1988) (citing cases from various district courts). "In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." *Semtek Int'l, Inc. v. Merkuriy Ltd.,* No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996). *See IBM,* 70 F.R.D. at 702 & n. 9; *Angell v. Shawmut Bank Conn. Nat'l Assoc.,* 153 F.R.D. 585, 590 (M.D.N.C.1994); *In re Goodyear Tire & Rubber Co. Sec. Litig.,* 1991 WL 172930, at *1, 1991 U.S.Dist. LEXIS 14486, at *2 (N.D.Ohio June 21, 1991); *Krewson,* 120 F.R.D. at 7; *Celanese Corp. v. E.I. duPont de Nemours & Co.,* 58 F.R.D. 606, 609–10 (D.Del.1973). Courts find such unusual circumstances where: (1) "the subpoena is overbroad on its face and 'exceeds the bounds of fair discovery,' " *Semtek,* 1996 WL 238538, at *2; *Krewson,* 120 F.R.D. at 7; (2) the subpoenaed witness is a non-party acting in good faith, *Semtek,* 1996 WL 238538, at *2; and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged legal basis for the subpoena. *Id.; Goodyear,* 1991 WL 172930, at *2, 1991 U.S.Dist. LEXIS 14486, at *2–3; *Celanese Corp.,* 58 F.R.D. at 610. Great Link has not provided the requested documents, and has filed no written objection to the subpoena. Moreover, the unusual circumstances discussed above do not exist here.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel and Order Show Cause (Docket no. 74) is **GRANTED**. Great Link must either produce the materials sought by Plaintiffs or appear on Thursday, October 19, 2017, at 10:30 a.m., in Room 642 of the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan to show cause why Great Link should not be held in contempt of court for failing to produce materials in response to Plaintiffs' subpoena. The Court reserves the right to impose sanctions and costs against Great Link, as requested by Plaintiffs.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen (14) days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated:  September 18, 2017          s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated:  September 18, 2017          s/ L. Hosking
                                    Case Manager Generalist