**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HARRY BENION,
ZACHARY GOODGALL,
DAMON FRANKLIN, and
LESLIE MORGAN,

    Plaintiffs,                                              **Case No. 15-cv-14367**

    v.                                                     **District Judge David M. Lawson**

LECOM, INCORPORATED, and                     **Magistrate Judge Mona K. Majzoub**
LECOM COMMUNICATIONS, INC.,

    Defendants.
_____/

DAVID BENTLEY, CECIL MCNEIL,
DEVON HALL, KEON PERSON,
KUWAND CARPENTER, and
LEONARD O. HINES, JR.,

    Plaintiffs,                                             **Case No. 16-cv-13640**

    v.

LECOM, INCORPORATED,
LECOM COMMUNICATIONS, INC.,
DETROIT COMMUNICATIONS
DIRECT, LLC,
EPIQ SOLUTIONS, LLC, and
JARELLE HANNAH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING
## CONTEMPT OF GREAT LINK COMMUNICATIONS, LLC

Plaintiffs bring the present case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., alleging that Defendants violated the FLSA by failing to pay Plaintiffs overtime for hours worked in excess of 40 hours per week. (Docket no. 1.) Plaintiffs moved this Court to

compel non-party Great Link Communications, LLC ("Great Link") to comply with a subpoena and order Great Link to show cause why it should not be held in contempt. (Docket no. 74.) Plaintiffs also sought costs and expenses associated with enforcing the subpoena. (*Id.*) The undersigned granted Plaintiffs' motion and directed Great Link to either produce the materials sought by Plaintiffs or appear before the Court on October 19, 2017 to show cause why it should not be held in contempt of court for failing to comply with Plaintiffs' subpoena. (Docket no. 85). Great Link failed to appear as ordered, and Plaintiffs now request the Court to hold Great Link in contempt.

## I. RECOMMENDATION

For the reasons set forth below, the undersigned recommends that Great Link be held in civil contempt for failure to comply with Plaintiffs' subpoena and failure to appear at the October 19, 2017 hearing. Additionally, the Court should order Great Link to pay reasonable costs and attorney's fees associated with this matter and to produce the documents originally requested in Plaintiffs' subpoena.

## II. REPORT

### A. Governing Law

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas for the discovery of information from third parties. Rule 45(e) provides that the "issuing court may [on its own or on a party's motion] hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the

Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir.1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983).

### B. Certification of Facts

On March 9, 2017, Plaintiffs' process server personally served upon Great Link a subpoena to produce documents and/or information pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Docket no. 74, Exs. 1, 2.) In the subpoena, Plaintiffs sought communications between Great Link and Defendants regarding the maintenance, operation, supervision and assignment of cable installation technicians, as well as personnel files regarding certain Plaintiffs. (*Id.* at Ex. 1.)

Plaintiffs submit that on March 22, 2017, a representative of Great Link appeared at the office of Plaintiffs' attorneys in order to question the subpoena, but that Great Link thereafter failed to comply with the subpoena or to file an objection thereto. On May 10, 2017, Plaintiffs filed a motion to compel Great Link to comply with a subpoena and order Great Link to show cause why it should not be held in contempt. (Docket no. 74.) The undersigned granted Plaintiffs' motion and directed Great Link to either produce the materials sought by Plaintiffs or appear before the Court on October 19, 2017 to show cause why it should not be held in contempt of court for failing

to comply with Plaintiffs' subpoena. (Docket no. 85). The Order expressly reserved the right to impose sanctions and costs against Great Link, as requested by Plaintiffs. (*Id.*)

Plaintiffs filed an affidavit showing that on October 4, 2017, after three attempts to personally serve Great Link with the Order, a copy of the Order was placed inside the front door at 19166 Pinehurst in Detroit, MI, the address at which the subpoena was served in March of 2017. (Docket no. 88.) Plaintiffs then filed an additional affidavit stating that on October 17, 2017, the Order was served personally on a person named Jules Palms, who accepted service on behalf of Great Link. (Docket no. 91.) Nevertheless, Great Link failed to appear as ordered on October 19, 2017. As of that date, Great Link had failed to comply with the subpoena or to file an objection with this Court regarding its obligation to comply with the subpoena.

### C. Analysis

In order to hold a party in contempt, the movant must produce clear and convincing evidence that the party, with knowledge of the court's order, violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act or acts. *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW, et. al. v. Gary's Electric Service Co.*, 340 F.3d 373, 379 (6th Cir. 2003). Per the above Certification of Facts, Plaintiffs have satisfied that requirement with respect to Great Link. To date, Great Link has failed to comply with Plaintiffs' subpoena and failed to appear in response to an order of this Court.

Plaintiffs also requested an award of attorney fees associated with bringing this motion. Attorney fees may be awarded in civil contempt actions. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 477, 31 S.Ct. 492, 55 L.Ed. 797 (1911); *Redken Lab, Inc. v. Levin*, 843 F.2d 226, 230 (6th Cir. 1988). Due to Great Link's unexplained failure to comply, an award of reasonable attorney fees and costs is appropriate in this case. Plaintiffs submitted a Bill of Costs associated

with the present motion, totaling $2,515.50. (Docket no. 96.) One entry appears to be related to service of the initial subpoena, a cost that would have been incurred even if Great Link had complied with the subpoena. Accordingly, the $157.50 relating to initial service of the subpoena should not be granted. In addition, attorney charges for "correspondence with counsel regarding service and compliance" and "research and preparation of Motion to Show Cause" represent more time than reasonably necessary. The Court should allow 0.3 hours instead of 0.5 hours for the correspondence and 2.0 hours instead of 3.0 hours for the motion, reducing the legal fees from $2,100.00 to $1,668.00. With these exception, Plaintiffs' costs appear to be reasonably incurred in an effort to enforce the subpoena. Therefore, the undersigned would recommend directing Great Link to reimburse Plaintiffs in the amount of $1,926.00.

### D. Conclusion

For the reasons set forth above, the undersigned recommends that the Court grant Plaintiffs' request to hold Great Link in contempt. The undersigned further recommends that Plaintiffs be awarded reasonable costs and attorney fees in the amount of $2,358.00 associated with enforcing the Great Link subpoena.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  November 2, 2017       s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  November 2, 2017       s/ Lisa C. Bartlett
                                                    Case Manager