UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY BENION, ZACHARY GOODGALL,
DAMON FRANKLIN, and LESLIE MORGAN,

        Plaintiffs,

v.

        Case Number 15-14367
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

LECOM, INCORPORATED, and
LECOM COMMUNICATIONS, INC.,

        Defendants.
_____/

DAVID BENTLEY, CECIL MCNEIL,
DEVON HALL, KEON PERSON, KUWAND
CARPENTER, and LEONARD O. HINES, JR.,

        Plaintiffs,

v.

        Case Number 16-13640
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

LECOM, INCORPORATED,
LECOM COMMUNICATIONS, INC.,
DETROIT COMMUNICATIONS DIRECT,
LLC,EPIC SOLUTIONS LLC, and JARELLE
HANNAH,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, HOLDING
GREAT LINK COMMUNICATIONS, LLC IN CONTEMPT, AND AWARDING
PLAINTIFFS REASONABLE COSTS AND ATTORNEY FEES**

On November 2, 2017, Magistrate Judge Mona K. Majzoub issued a report recommending that the Court grant the plaintiffs' motion to hold Great Link Communications, LLC ("Great Link") in contempt and award plaintiffs reasonable costs and attorney fees associated with this matter. The Court has reviewed the record of proceedings and the magistrate judge's report, and the Court finds

that the plaintiffs' motion should be granted, Great Link should be held in contempt for failing to comply with the plaintiffs' subpoena and failing to appear at the October 19, 2017 show cause hearing, and the plaintiffs should be awarded reasonable costs and attorney fees in the amount of $2,358.00 associated with enforcing the Great Link subpoena.

Although the report stated that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, no objections have been filed thus far. The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge. Because the ultimate sanction sought by the motion was an order of contempt, the magistrate judge did not issue a final order on the motion, but she made findings of fact based on the record submitted by the parties, which are reproduced below. *See* 28 U.S.C. § 636(e)(6)(B).

> On March 9, 2017, Plaintiffs' process server personally served upon Great Link a subpoena to produce documents and/or information pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Docket no. 74, Exs. 1, 2.) In the subpoena, Plaintiffs sought communications between Great Link and Defendants regarding the maintenance, operation, supervision and assignment of cable installation technicians, as well as personnel files regarding certain Plaintiffs. (Id. at Ex. 1.)
>
> Plaintiffs submit that on March 22, 2017, a representative of Great Link appeared at the office of Plaintiffs' attorneys in order to question the subpoena, but that Great Link thereafter failed to comply with the subpoena or to file an objection thereto. On May 10, 2017, Plaintiffs filed a motion to compel Great Link to comply with a subpoena and order Great Link to show cause why it should not be held in contempt. (Docket no. 74.) The undersigned granted Plaintiffs' motion and directed Great Link to either produce the materials sought by Plaintiffs or appear before the Court on October 19, 2017 to show cause why it should not be held in contempt of court for failing to

comply with Plaintiffs' subpoena. (Docket no. 85). The Order expressly reserved the right to impose sanctions and costs against Great Link, as requested by Plaintiffs. (Id.)

Plaintiffs filed an affidavit showing that on October 4, 2017, after three attempts to personally serve Great Link with the Order, a copy of the Order was placed inside the front door at 19166 Pinehurst in Detroit, MI, the address at which the subpoena was served in March of 2017. (Docket no. 88.) Plaintiffs then filed an additional affidavit stating that on October 17, 2017, the Order was served personally on a person named Jules Palms, who accepted service on behalf of Great Link. (Docket no. 91.) Nevertheless, Great Link failed to appear as ordered on October 19, 2017. As of that date, Great Link had failed to comply with the subpoena or to file an objection with this Court regarding its obligation to comply with the subpoena.

The record of proceedings also includes a certificate of service filed by the plaintiffs on November 15, 2017, which indicates that the magistrate judge's report and recommendation that recommended granting the plaintiffs' motion to hold Great Link in contempt was served on Great Link's resident agent by certified mail, return receipt requested, on November 9, 2017. No objections to the report and recommendation have been filed by any party, and the time for doing so now has passed. To date, Great Link has not filed any papers with the Court or offered any explanation for their failure to honor the subpoena.

Based on the record of proceedings and the magistrate judge's findings, the Court finds that non-party witness Great Link has failed to comply with the plaintiffs' subpoena and failed to appear at the October 19, 2017 hearing. The Court "may hold in contempt a person who . . . fails without adequate excuse to obey [a] subpoena." Fed. R. Civ. P. 45(g). The Court therefore will hold Great Link in contempt and order Great Link's representative to appear and explain why s/he should not be imprisoned until Great Link complies with the subpoena.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #97] is **ADOPTED**.

It is further **ORDERED** that Great Link Communications, LLC is **HELD IN CONTEMPT** for its failure to comply with the plaintiffs' subpoena and failure to appear at the October 19, 2017 hearing.

It is further **ORDERED** that an authorized representative of Great Link **MUST APPEAR** before the United States District Court for the Eastern District of Michigan, presided over by the undersigned in his courtroom in the United States Courthouse in Courtroom 716, 231 W. Lafayette, Detroit, Michigan, 48226, **on January 3, 2018 at 3:30 p.m.** to explain why s/he should not be **IMPRISONED** until Great Link complies with the plaintiffs' subpoena.  The Court hereby advises Great Link's authorized representative that if s/he fails to appear as directed, then the Court will issue a **WARRANT FOR HIS/HER ARREST** by officers of the United States Marshal Service.

It is further **ORDERED** that the defendants' attorney must serve a copy of this order to appear on Great Link's resident agent by personal service **on or before December 15, 2017** and file a certificate of service.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: December 8, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 8, 2017.

                                      s/Susan Pinkowski
                                      SUSAN PINKOWSKI